**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---------------------------------------------------------------------x
SALIM SUCCAR,

                        Plaintiff,

                                     Case No. <u>14 Civ. 61202</u>

              v.

PARNELL DUVERGER,                            ECF CASE

                        Defendant.
---------------------------------------------------------------------x

## COMPLAINT

For his complaint against the defendant Parnell Duverger ("Duverger" or "Defendant"), the plaintiff Salim Succar ("Succar" or "Plaintiff"), by his undersigned counsel, alleges upon information and belief as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Succar is a citizen of Haiti and an attorney licensed to practice law in Haiti. Succar brings this action for libel against Duverger for defamatory statements that Duverger published, or allowed to be published, on a website under the domain name of www.omegaworldnews.com (hereinafter the "Website").

2.     Duverger is a citizen of the State of Florida. He is an owner, administrator, operator and publisher of the Website.

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because the matter is between a citizen of a foreign state and a citizen of Florida, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Duverger resides in this district.

5.	All conditions precedent to the filing of this action have occurred or have been waived.

**FACTS**

6.	Succar is a respected attorney who lives and works in Haiti, and who previously enjoyed an excellent personal and professional reputation. Despite his success, he is a private individual who has never been a "celebrity," politician or held public office. He does not enjoy regular and continuing access to the media, and has done nothing to thrust himself into this spotlight which Duverger has shone upon him. He has been unwillingly dragged into this controversy by Duverger.

7.	Duverger is an owner, administrator, operator and publisher of the Website, an internet "news" website that publishes articles on a broad range of topics, including Haitian politics and economy. Some of the Website's content is in French, but most of it is written in English, including the defamatory article in question.

8.	According to the Website, Duverger is a "Haitian-American Economist and Professor" who "is recognized in the Haitian internet fora, and as Chairman of Omega World News at www.omegaworldnews.com for his relentless and passionate campaign promoting a culture of freedom, the institutions of liberty, and a free and competitive market economy for the development of representative democracy, individual rights and freedoms, and the creation of economic wealth in his native Haiti."[1] In reality, however, the Website merely serves as a means for Duverger to publicly denigrate, disparage, and attempt to discredit those whom he dislikes for political or personal reasons.

---

[1] *See* http://omegaworldnews.com/?page_id=1038 (accessed on May 15, 2014).

9. On or about March 22, 2014, Duverger published, or allowed to be published, on the Website an article authored by Emmanuel Roy ("Roy") entitled "Laurent Lamonthe [sic]: Money, Guns, Drugs and a Leggy Blonde" (the "Article"). A true and correct copy of the Article is annexed hereto at Exhibit 1.[2]

10. The Article contained false and highly libelous statements about Succar.

11. The Article claims that Succar is a "gunrunner" for Mr. Laurent Lamothe, Haiti's Prime Minister ("Lamothe"). According to the Article, Succar "is the person charged with purchasing illegal guns" for Lamothe from "gun sellers in Israel, Russia and other places around the world." The Article claims that "[i]n early 2013, Mr. Sukar [sic] travelled to Israel to broker a weapon deal knowing fully well that there is a gun embargo on Haiti since at least 2004." The Article asserts that Succar illegally placed "the first gun order in April of 2013 for a total of 1,600 Galil's [sic] with infrared silencers and 9,000 automatic 9-millimeter handguns. These guns were shipped via Canada in partial shipments to Haiti with no more than 200 guns per shipment." The Article claims that Succar made the purchase "to assassinate those who dare oppose [Lamothe] or arm those who make [Lamothe] rich." The "FBI and the US State Department" are purportedly "looking into the purchase."

12. On March 31, 2014, Succar sent a letter to Duverger in accordance with Fla. Stat. § 770.01 demanding a retraction of the Article and an apology for the defamatory statements. A true and correct copy of the March 31, 2014 demand letter is annexed hereto at Exhibit 2. As of the date of the filing of this complaint, Duverger has not responded to the letter.

---

[2] The Article appears on the Website at the following URL: http://omegaworldnews.com/?p=7425.

13. The author of the Article – Roy (a former attorney in Florida and New York) – was, at the time that Duverger published the Article, devoid of any credibility whatsoever, and his propensity to lie and engage in fraudulent behavior was well known, documented and public information.

14. Indeed, in June 2009, the New York State Supreme Court, Appellate Division, First Department, Departmental Disciplinary Committee ("DDC") had charged Roy with 38 violations of attorney disciplinary rules in New York involving fraud, dishonesty, theft from clients, and making material misrepresentations to a court, including filing his own false affidavit.  On February 18, 2010, the New York State Supreme Court, Appellate Division, First Department issued an opinion, ruling on the DDC's charges and stricking Roy's name from the roll of attorneys allowed to practice law in the State of New York.  *See In re Roy*, 894 N.Y.S.2d 425 (1st Dep't 2010).

15. On the heels of Roy's disbarment in New York, The Florida Bar filed a Petition for Emergency Suspension of his Florida license, which the Florida Supreme Court approved in March 2010.  *See The Florida Bar v. Roy*, 33 So. 3d 36 (Fla. Mar. 22, 2010).  Nearly seven months later, the Florida Supreme Court disbarred Roy *nunc pro tunc* to the date of his suspension, *The Florida Bar v. Roy*, 47 So. 3d 1291 (Fla. Oct. 19, 2010), and when he subsequently failed to respond to a petition for contempt and order to show cause, the Florida Supreme Court disbarred him permanently.  *See The Florida Bar v. Roy*, 103 So. 3d 143 (Fla. July 24, 2012).

16. This Court – the Southern District of Florida – has also crossed path with Roy. Indeed, Roy's lack of credibility, propensity to lie and engage in fraudulent behavior was well detailed in an Order issued on September 16, 2011 by Magistrate Judge William C. Turnoff, in a

case where Roy had represented an individual named Patrick Coulton ("Coulton") who had been arrested on March 11, 2008, after being indicted on charges of various drug and money laundering offenses. *See United States of America v. Coulton*, Case No. 07-CR-60172-JAL (S.D. Fla.), Docket Entry ("DE") 196.

17. Roy's conduct vis-à-vis Coulton and Coulton's family during the course of the representation (*e.g.*, making fraudulent time entries in billing records; representing Coulton in court without being admitted in the Southern District of Florida; lying to Coulton's family about being a former Assistant District Attorney in Florida; misappropriating and using the CM/ECF identification belonging to another attorney; using lies to obtain assets belonging to the Coultons and their family) was described by Magistrate Judge Turnoff as "outrageous, disgusting, abhorrent." In fact, Magistrate Judge Turnoff found that Roy's conduct during his representation of Coulton had been "the 'most outrageous' in his '25 years on the bench and before that.'" Magistrate Judge Turnoff ordered Roy to return all monies, real property, and personal property obtained from Coulton and his family, in the amount of $275,800, and he held Roy and his firm in contempt of court.[3]

18. Roy's lack of credibility, propensity to lie and engage in fraudulent behavior was also public information from his criminal indictment in the Southern District of New York on five counts of wire fraud and bank fraud, for his participation in two schemes designed to

---

[3] *See id.* at 29-30; *see also id.*, DE 294, at 20 (Magistrate Judge Turnoff's Report and Recommendation, dated February 1, 2013, referring to Roy's "reprehensible behavior" as an officer of the court and "the abuse of [his] fiduciary position with respect to [his] client"); *id.*, DE 305, at 16-17 (Order from United States District Judge Joan A. Lenard, dated May 10, 2013, requesting that the Clerk of the Court send Magistrate Judge Turnoff's Report and Recommendation "to the Office of the United States Attorney in Miami, Florida, for potential investigation into a prosecution for perjury against Respondent Emmanuel Roy . . . .").

defraud mortgage lending institutions.[4]  On February 1, 2013, Roy was convicted on all counts after a jury trial before United States District Judge Thomas P. Griesa.  On December 5, 2013, Judge Griesa sentenced Roy to 87 months of imprisonment for his crimes.[5]

19.     Despite public court records, and other information publicly available on the internet, showing that Roy lacked any degree of credibility, and had a propensity to lie and engage in fraudulent behavior, Duverger published the Article on the Website.

20.     In an attempt to legitimize the fabricated statements about Succar, the Article claims that Roy is "a former political advisor" to Haiti's "President Michel Joseph Martelly."  Roy, however, is not and has never been an advisor to President Martelly.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Action for Defamation)

21.     Succar hereby repeats and realleges each allegation contained in paragraphs 1 through 20 as if fully set forth at length herein.

22.     The statements about Succar in the Article were an unprivileged publication by Duverger to third parties.

23.     The statements contained in the Article were completely false, fabricated, and based wholly on a source (Roy) whom Duverger had the most obvious reasons to doubt and distrust.

24.     These statements falsely impute a criminal offence to Succar, adversely reflect on his fitness to conduct business, his profession or trade, and otherwise tend to subject him to hatred, distrust, ridicule, contempt, or disgrace.  The statements on the Article about Succar are defamatory *per se*.

---

[4]  *See United States of America v. Roy*, Case No. S3 09 cr. 940 (TPG) (S.D.N.Y.), at DE 84.

[5]  *See United States of America v. Roy*, Case No. S3 09 cr. 940 (TPG) (S.D.N.Y.), at DE 129.

6

25. At the time Duverger published the Article, he knew these statements about Succar were false, or he published them with reckless disregard for their truth or falsity. Accordingly, Duverger acted with actual malice.

26. At an absolute minimum, Duverger was negligent in the publication of these statements.

27. Duverger cannot show that the statements about Succar contained in the Article are true.

28. As a direct and proximate result of Duverger's publication of the Article, Succar suffered great shame, mental anguish, embarrassment, and hurt feelings. The Article also damaged Succar's professional and personal reputation, professional relationships and dealings, and standing in the community.

29. Duverger acted with evil motive, ill will, and malice, with an intent to injure, disgrace and defame Succar, and with intent to cause Succar emotional distress and to falsely depict Succar as engaging in criminal activity.

30. Duverger's publication was also motivated by unreasonable financial gain. Duverger knew that the Article would generate significant readership, and thus increase his advertising revenue, by accusing a well-respected attorney such as Succar of criminal activity. Duverger had actual knowledge of the wrongfulness and unreasonably dangerous nature of his conduct and the high probability that injury or damage to Succar would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to Succar.

WHEREFORE, Succar demands judgment against Duverger for general, special, and punitive damages, interest, costs, attorney's fees, and any further relief this Court deems just and proper.

Date: May 22, 2014

Respectfully submitted,

/S/ Ralph Kenol_____
Ralph Kénol, Esq.
RALPH KÉNOL & ASSOCIATES P.A.
2719 Hollywood Blvd., M-147
Hollywood, FL 33020
Tel.  954.600.9228
Fax  954.241.6978
rk@ralphkenolpa.com
*Counsel for Salim Succar*