FILED by ___ D.C.
SEP 02 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

------------------------------------------------------------x
SALIM SUCCAR                            :
                                        :
                    Plaintiff           :
                                        :   Case No. 14 Civ. 61202(DPG)
          v.                            :
                                        :   ECF CASE
                                        :
PARNELL DUVERGER                        :   Hon. Judge Darrin P. Gayles
                                        :
                    Defendant           :
_____x

## ANSWER TO COMPLAINT BY PLAINTIFF

     On May 22, 2014, plaintiff Salim Succar (Plaintiff or Succar) and his legal counsel filed a complaint against defendant Parnell Duverger ("Defendant" or "Duverger"), based knowingly and deliberately on false allegations disguised as pretenses of information and belief that Plaintiff and his legal counsel knew, were and are in a position to know to be false, causing inordinate stress, fear, mental anguish, emotional disequilibrium with serious consequences to the serenity and the health of Defendant and his family members.

     In answer to Plaintiff's complaint, Defendant Duverger moves for the Court to dismiss this complaint and find that Defendant is a victim of a vicious wrongful act being committed by Plaintiff, a lawyer, and his counsel against Defendant, who also respectfully request that the Court finds Succar liable for damages in excess of $ 100,000 U.S dollars caused to Defendant's reputation and health in a case that, in reality, is an attempt by a foreign government and/or its agents to make a criminal use of a U.S. District Court to illegally suppress political opinion and dissent in relation to the actions of said government.  For his present answer to the complaint, Defendant states as follows:

    1. Plaintiff alleges that Defendant published or allowed to be published defamatory statements on a website under the domain name of

1

www.omegaworlnews.com (hereinafter the "Website"). This is a false allegation, because Defendant is not the publisher of said Website, the daily management and operations of which is the responsibility of a Chief Executive Officer (hereinafter the "CEO"), as is generally the case for a corporation or a limited liability company. Defendant is not responsible for the act of another legal person or entity that possesses an existence distinct from its owners, board of directors, executives, managers or employees.

2. Defendant is not an owner, administrator, operator and publisher of the Website, as is falsely alleged by Plaintiff and his counsel whose professional training as lawyers made them aware of the distinction in duties performed by senior officers of business entities enjoying the status of a legal person.

3. This respectable and respected U.S. District Court should not be used by foreign governments and/or their agents in a veiled attempt to suppress dissenting opinion about their actions as public figures or to deny the free speech and other pertinent civil and political rights of American citizens. Any such act must be seen as a deliberate and arrogant criminal use of our American judicial system, as Defendant intends to demonstrate in this Court.

4. While Defendant resides in this district, he cannot be the object of political persecution or have his civil and political rights violated by a foreign government and/or its agents in this Court or anywhere for that matter, under any guise whatsoever, especially in the guise of a false libel or defamation allegation.

5. Conditions precedent to this action have not occurred, as Plaintiff and his counsel could have used but not used their right to equal time or treatment by requesting an opportunity to publish a denial or correction of an incriminating article published by a Website.

6. Contrarily to a statement of fact asserted in his complaint, Succar is a public figure who has served, and may still be working, as the Chief of Staff of the Prime Minister of Haiti, whom Defendant believes is also

2

behind this attempt at a travesty of justice and criminal use of a U.S. District Court.  Succar is also known to be a Special Adviser to the Prime Minister of Haiti, and an Honorary Consul of Poland in Haiti, which seems to make him immune to legal action as a diplomat in Haiti.  Plaintiff Succar has over 12,000 Google entries to his name, a great number of which demonstrates that Plaintiff is frequently quoted by the media as a public figure working at the highest level of government in Haiti.  Moreover, by asserting that Plaintiff "has done nothing to thrust himself into this spotlight which Duverger has shone upon him.  He has been unwillingly dragged into this controversy by Duverger," Plaintiff has knowingly and deliberately committed an act of libel or defamation against Defendant who enjoys a very positive reputation in his personal and professional activities.  Plaintiff, in his complaint, appears to have issues with an article written and published by Mr. Emmanuel Roy, who is unknown to Defendant, but is believed to be a former colleague of Plaintiff and a whistle blower on the misdeeds and corruption of which Mr. Roy claims to have been a witness, and for which there is an obvious or demonstrable public interest in Haiti, as in the United States since this country gives significant foreign aid to Haiti.

7. Defendant is not an owner, administrator, operator and publisher of the Website.  The Website has not and has never published a defamatory article written by anyone working as an executive or employee of the Website.  Most articles published on the Website are reproduction from other websites as allowed by pertinent federal legislation.  When Defendant writes and publishes articles, Defendant is generally and clearly identified as the author.

8. Plaintiff and his counsel have committed a willful and deliberate act of libel or defamation against Defendant, by alleging that "In reality, however, the Website merely serves as a means for Duverger to publicly denigrate, disparage, and attempt to discredit those whom he dislikes for political or personal reasons."  Plaintiff is hereby challenged to prove such a blatant lie in an official document.

9. Duverger never published or cause anything to be published on the Website.  An article authored by Mr. Emmanuel Roy, appeared on the

3

website known as www.omegaworldnews.com . Mr. Roy, like the Plaintiff, is believed to have held a senior position in the government of Haiti, as evidenced by his picture with the President of Haiti, readily available on the internet. Mr. Roy appears to be a whistle blower with insider information about how the government of Haiti actually operates, and such information is of tremendous public interest consistent with the public's right to know. Moreover, Plaintiff and his counsel appear to know where and how to locate Mr. Roy, and have not taken any action in libel or defamation against him for fear that he may have even more information to share with the public.

10. There is not a single libelous fact or statement ever written or asserted by Defendant about Succar or anybody else ever, in more than 25 years of professional work in diverse newspapers, radio shows or public presentations.

11. The incriminating article referred to in Plaintiff's complaint points to insider information that only senior members of the government of Haiti, like Plaintiff in this case or Mr. Emmanuel Roy, the whistle blower, would possess. What is clear is that the public has a right to know what public figures actually do with public funds, especially funds generously donated by the U.S. Government and the American public. In the United States, public officials are held accountable for their actions or inactions. Again, Plaintiff has yet to challenge Mr. Roy's assertions or allegations.

12. Defendant has never received any letter dated March 31, 2014, asking for retraction of any article. At any rate, Defendant is not the appropriate party to receive, let alone act on such request that should have been addressed to www.omegaworldnews.com , a distinct legal person and/or to the CEO or such business entity, who is responsible for the day to day management of that firm as Plaintiff, a lawyer, and his legal counsel must have learned in their Business Law course at any respectable college or university. No such later was ever delivered at Defendant mailing address of 9094, 40th St., Coral Springs, Fl., 30367. Defendant's telephone number appears on the Website, and a simple phone call from Plaintiff and his counsel would have cleared the matter.

13. Defendant does not know nor have any business, personal, political, social or any other type of relationship whatsoever with Mr. Emmanuel Roy, whom Plaintiff and his counsel do recognize as the author of an alleged libelous article published on the Website, which has a disclaimer on each of its page, that declines responsibility for any piece of news or article not authored by anyone working for the Website or not bearing the logo of the Website.  Mr. Emmanuel Roy's letters, statements of facts or opinions have been made credible as they usually appear on other websites associated with the Haitian community, or on prestigious newspapers such as "The Miami-Herald." (See Exhibit A)

14. Defendant was not aware of and had no interest in knowing about Mr. Emmanuel Roy's saga with the New York State Supreme Court, Appellate Division.  However valuable this information might be, it does not impair Mr. Emmanuel Roy's ability to write about insider's knowledge he developed while working at the highest level of the government of Haiti, as evidenced by photographs available on the internet.  The government found Mr. Roy of good character when it employed him to work in a senior position.  To Defendant, Mr. Roy is known as a whistle blower with inside information about which the Haitian American has a right to know.  Plaintiff and his counsel have the means of contacting Mr. Roy.

15. Allegations about Mr. Emmanuel Roy's legal problems have nothing to do with his ability to write very well in the English language, about things known to him as a former senior level employee of the government of Haiti, and which he has published without hiding behind any sort of anonymity.  Defendant is certain that Plaintiff, a lawyer, and his legal counsel are well aware of Mr. Roy's rights in the U.S. justice system, under the laws of the United States.

16. Defendant does not have any legal obligation or need to know about Mr. Roy's criminal records as recited in Plaintiff's litany of general or specific criminal acts he attributes to Mr. Roy.  Even police officers and judges have no obligations to know about past criminal acts of an individual until he has or is about to commit a crime or is standing trial.

Defendant was and remains ignorant about Mr. Emmanuel Roy's record, which raises issues about why he worked for the government of Haiti.

17. Defendant believes strongly that as lawyers, Plaintiff and his counsel do know how to hold Mr. Emmanuel Roy responsible for his authorship of an article published by several online news outlets with connections to Haiti and Haitian communities abroad, and in which libelous contents are claimed to have appeared. Defendant denies any connections to or liability to such published article.

18. Paragraphs 18 through 30 of Plaintiff's complaint either continue Plaintiff's angry rant about Mr. Emmanuel Roy, or displays Plaintiff and his counsel's laborious travail to find a way, any way to tie Defendant to an offense that he has not committed, never had any intent to commit, nor ever had any motive, opportunity, capacity or pecuniary interest to commit against Plaintiff, the complaint of whom is a collection of lies that Plaintiff and his legal counsel have willfully and deliberately communicated to a U.S. District Court, thus committing perjury for reasons that are political in nature, essence and character, with the additional intent of committing libelous and defamatory acts against Defendant, while hiding behind an inappropriate diplomatic immunity Plaintiff enjoys in Haiti, as an Honorary Consul of Poland. Defendant believes that Plaintiff enjoys no such immunity in the United States of America.

19. Defendant requests that Plaintiff Salim Succar, and his boss Mr. Laurent Lamothe, Prime Minister of Haiti, as well as Mr. Emmanuel Roy, author of the article found to be inappropriate by Plaintiff, be ordered to testify in Court as important witnesses, and as is necessary for Defendant to prove the true nature of this malicious complaint and act of Plaintiff. Defendant reserves the rights to call other important witnesses.

20. As a result of this deceptive, untrue and malicious complaint, Defendant's health has been deteriorating rapidly, causing Defendant to seek and obtain additional care from the Veteran Administration Health Care System and from his long time personal physician in New York City. Defendant is normally being treated for Diabetes, High Blood Pressure,

Rheumatoid Arthritis, and occasional heart problems, all of which are being adversely impacted by the high level of stress and mental anguish caused by this case. Defendant's life is now at risk.

21. Defendant is responsible for his own personal security and safety, as well as those of his immediate family members, and may have to relocate his family to an undisclosed location. Defendant is well aware of credible death threats against him and his family members and seeks the protection of the Court inasmuch as possible. Thus, Defendant respectfully requests that the Court allows him to be notified by e-mail at p_duverger@yahoo.com , about further filings by Plaintiff of any proceedings against Defendant.

22. Defendant respectfully requests that the Court dismisses this complaint as an attempt to violate his civil rights and free speech guaranteed by the Constitution of the United States of America and other federal legislations protecting the rights of American citizens. Defendant also requests dismissal of this complaint in accordance with the provisions of <u>Title V of the Telecommunications Act of 1996</u>, codified at **47 U. S. C. § 230**, a landmark piece of internet legislation in the United States, also known as "Section 230 of the Communications Decency Act." Section 230(c)(1) provides immunity from liability for providers and users of an "interactive computer service" who publish information provided by others: No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider. www.omegaworldnews.com , the Website, is an interactive computer service, in the letter and intent of the law.

23. Defendant is hereby asking the Court to find that Plaintiff is liable for monetary damages in favor of Defendant, in compensation of serious health issues including emotional distress and mental anguish, in addition to diabetic and high blood pressure complications suffered by Defendant, as a result of this complaint, the substantive content of which is untrue and deliberately libelous and defamatory against Defendant.

24. Defendant is actively looking for a **pro bono** attorney as he is unable to pay for adequate legal representation, and needs to be granted reasonable time to find such, as the Court will find appropriate. Defendant is a professional economist with very severely limited knowledge in the practice of law and is not qualified to proceed ***pro se***.

WHEREFORE, Defendant respectfully requests that the Court set aside the Clerk's default against Defendant, and orders that Plaintiff delivers all legal notices to Defendant's legal address at 9094, 40th Street, Coral Springs, FL 33065.

Date: August, 29, 2014

Respectfully submitted,

Parnell Duverger, Economist
Ret. Adj. Prof. of Economics
Chairman
www.omegaworldnews.com

9094 40th Street
Coral Springs, FL 33065
Tel: (954) 793-2960
P_duverger@yahoo.com

8

## VERIFICATION

I, Parnell Gerard Duverger Sr., verify that the following is true and correct:

1. I am the Defendant designated in this action, **and**

2. Plaintiff, as is true with other close associates of Haiti's Prime Minister, Mr. Laurent Lamothe, is attempting to misuse our American judicial system for the political persecution of a U.S. citizen, and to suppress Defendant's right to political dissent, free speech and opinion protected by the Constitution of the United States and Civil Rights Legislation, **in a U.S. District Court**.

Parnell Duverger
www.omegaworldnews.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2014, I sent the foregoing for filing purposes to the Clerk of Court through the U.S. Postal Service. I also certify that the foregoing is being served this day on all counsel of record and others identified in the attached Service List, also through the U.S. Postal Service.

Parnell Duverger
www.omegaworldnews.com

## SERVICE LIST

**Ralph Kenol**, Esq
RALPH KENOL & ASSOCIATES P.A.
2719 Hollywood Blvd., M-147
Hollywood, FL 33020

**Bertrand Madsen**, Esq (*pro hac vice*)
MADSEN LAW P.C.
111 Broadway, Trinity Building
13th Floor, Suite 1305
New York, NY 10006

9

# EXHIBIT A

# MAY 2014 PUBLICATION OF ARTICLE BY HAITIAN WHISTLE BLOWER EMMANUEL ROY FORMER ADVISOR TO HAITI PRESIDENT MICHEL MARTELLY


# Miami Herald

Posted on Tue, May. 20, 2014

## Corruption and cronyism hold Haiti back

In his May 13 Other Views column, Politics of the past holding Haiti back, Haitian Prime Minister Laurent Lamothe said that Haiti's progress is being held back by "politics of the past" and the "intransigence" of a few politicians who are blocking the implementation of the El Rancho Agreement.

This agreement calls for legislative and municipal elections to be held in October. The inconvenient truth is, it is Lamothe's penchant for corruption and his constant failure to honor democratic principles that have set back Haiti's progress toward democracy and its ability to attract foreign investment.

Lamothe's opinion is a distorted fantasy bred by rejection of reason designed for public consumption by the gullible.

Lamothe was formally appointed prime minister on May 4, 2012, amid rumors that he had been engaged in a vote-buying scheme during his confirmation by the Haitian Parliament. Since his appointment, his government has been marked by scandals involving corruption and cronyism. The Haitian government's program of free education funded by millions of dollars collected from the Haitian Diaspora as a form of tax on telephone calls and money transfers had been mired with corruption.

In April 2013, Lamothe and his former Minister of Foreign Affairs, Richard Casimir, admitted under oath during a Senate hearing that they misappropriated $3.4 million of government funds.

Lamothe's claims of Haiti's economic growth and his government's social programs to assist the poor are empty rhetoric. Though Haiti's economy grew by a mere percentage point in 2013, that growth was due solely to the contributions and expenses of nongovernmental organizations operating in Haiti. The sad fact is, most Haitians continue to live in abject poverty with no electricity, drinkable water or sanitation. Haiti remains one of the most corrupt countries in the world, and one of the most difficult places to do business.

It is corruption that is holding Haiti back, not the opposition.

Emmanuel Roy, former adviser to Haiti's President Michel Martelly, Spokane, Wash.

© 2014 Miami Herald Media Company. All Rights Reserved.
http://www.miamiherald.com