FILED by_____ D.C.

DEC 0 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

------------------------------------------------------------------x

SALIM SUCCAR                                          :
                                                      :
                                   Plaintiff          :
                                                      :          Case No. 14 Civ. 61202(DPG)
                        v.                             :
                                                      :          ECF CASE
                                                      :
PARNELL DUVERGER                                       :          Hon. Judge Darrin P. Gayles
                                                      :
                                   Defendant          :
_____x

## MOTION TO PROTECT DEFENDANT AGAINST FALSE PRETENSES RESULTING FROM PLAINTIFF'S ACT OF PERJURY IN A UNITED STATES DISTRICT COURT, AND TO PREVENT PLAINTIFF FROM BENEFITING FROM SAID CRIME

This case began with a willful and deliberate act of perjury perpetrated by Plaintiff Salim Succar in the United States District Court, Southern District of Florida.   Overwhelming evidence of the lies and deliberate misstatements of facts made to the Court exist at this very moment to prove, beyond the shadow of a doubt, that Plaintiff made written statements to the Court, that he knew to be false, openly lying to and misleading this Honorable Court.  In so doing, and ironically, Plaintiff has also perpetrated a deliberate act of defamation against Defendant Parnell Duverger, with the willful and deliberated intent to cause great and irreparable damages to Defendant Parnell Duverger and to Defendant's minor children.

Furthermore, and ahead of the start of a trial set by the Honorable Judge Darrin P. Gayles, Plaintiff is determined, with the knowledgeable aid of his legal representatives, to cause further and greater irreparable damages to Defendant and Defendant's minor children, by trying to obtain personal, very intimate and confidential information from and about Defendant to which Plaintiff Salim Succar would not normally be entitled in the absence of the crime of perjury that Plaintiff has willfully and deliberately perpetrated in this United States District Court.

1

The Defendant hereby moves for the Court to prevent Plaintiff from benefiting from the perjury he perpetrated by willfully and deliberately lying to and misleading this Honorable Court, and states:

1. This case involved two (2) distinct theaters:

    (a) **HAITI.** The first theater is in the country of residence of Plaintiff Salim Succar, Haiti, where Plaintiff is publicly known either as Chief of Staff of the Office of the Prime Minister of Haiti, Mr. Laurent Lamothe, or as Special Adviser to the said Prime Minister. In such professional capacity, Plaintiff Succar has given numerous and well documented public interviews to several news media of Haiti in the official French language of Haiti, or in Creole, another official language of Haiti, and sometimes in a language that is foreign to Haiti, such as English. Also in his professional capacity, Plaintiff Succar has been reported by the media, to have performed certain acts, that, normally, any high ranking and senior member of, or public figure associated to the government of Haiti, could be or would be expected to perform, irrespective of whether or not such actions would be deemed to be legal or not, reprehensible or not. Defendant Parnell Duverger has never made any judgmental statement in relation to any utterance or action attributed to Plaintiff Succar by any news media, Haitian or else.

    (b) **UNITED STATES OF AMERICA**. The second theater, and also a crime scene, is the United States of America, where Plaintiff Succar has willfully and deliberately perpetrated the act and crime of perjury in this United States District Court, by making written statements about Defendant Duverger that Plaintiff knew to be patently false. One apparent motive for such criminal act by Plaintiff to assist his friend and boss, Prime Minister Laurent Lamothe of Haiti, to carry out an act of political persecution against this Defendant because of the Defendant's professional abilities, as an economist and a former college professor of economics in the United States. With this malicious and criminal act in a United States District Court, Plaintiff

Salim Succar and his associate Laurent Lamothe, the Prime Minister of Haiti, have demonstrated their intent and financial means to:

    **(i)**    violate Defendant's civil and political rights guaranteed by the Constitution and legislations of the United States;

    **(ii)**    impose an undue financial burden upon Defendant by forcing the Defendant to seek, and spend a considerable amount of money, on the onerous legal assistance of a professional lawyer, **or** forfeit his right to due process and/or to a competent legal defense in a Court of Law;

    **(iii)**    deprive Defendant Duverger of the precious time Defendant is requited to spend on improving his general health as a diabetic facing well known complications related to this debilitating condition, and forcing Defendant to yield such time to an imposed effort to ward off a vile and malicious attack by Plaintiff Salim Succar, a perjurer, and his political associate Laurent Lamothe, the Prime Minister of Haiti, who is the probable mastermind of this criminal effort;

    **(iv)**    use a malicious and perjury laden lawsuit as a propaganda tool demonstrating the ability of Haiti's Office of the Prime Minister to stifle the criticisms and political dissent of Haitians and Haitian-Americans living in the United States; that, in the eyes of all Haitians would amount to a major routing of all critics of the government of Haiti, because of the importance of the United States as a beacon of democracy and freedom of speech in Haiti and in the world;

    **(v)**    use the lawsuit as an excuse to transfer huge sums of money out of Haiti to "pay for the services of attorneys," thereby killing several birds with one stone, in yet another embezzlement scheme.

2. Defendant Parnell Duverger has no intention to cooperate with or assist Plaintiff Salim Succar, and his associates or accomplices, in a criminal assault against a United States District Court, or any Court of Law anywhere in the world for that matter.  In Haiti, where Plaintiff Salim Succar and the probable mastermind of this case of perjury reside, and according to official reports of the United States Government, individuals who enjoy political or economic power are able to sway the administration of justice and judicial decisions in their favor, through the intimidation of Magistrates, Judges, witnesses and/or the corruption of public officials and other stakeholders.  While Plaintiff and his associates cannot do the same in the United States of America, a Republic built upon sacred principles such as the Rule of Law, Plaintiff Salim Succar, a practicing lawyer in Haiti where he resides, and a legal counsel to the Prime Minister of Haiti, is well aware of the significance of perpetrating an act of perjury in this United States District Court, which is also an attack on the integrity of this Honorable Court.

3. As a veteran of the United States Air Force, a proud American soldier, Defendant was and remains duty-bound to defend the Constitution of the United States against all enemies, when Defendant was in uniform, now, and forever, as pledged in an oath Defendant freely took as a member of the U.S. military.  These enemies include those trying to destroy the integrity of the American Judicial System, a pillar of our American democracy, or those attempting to demean the Constitution of the United States and/or the solemnity of a United States District Court.  Defendant Duverger will not obey any order, command or injunction dictated to this Defendant by Plaintiff Salim Succar and associates, under any cover of law.  However, <u>Defendant intends to obey dutifully every order or injunction emanating from this Honorable Court, as a responsible citizen who values the Rule of Law.</u>

4. Defendant Duverger's freedoms cannot be limited, restricted or abridged in any manner by Plaintiff Salim Succar and his associates who are taking the "liberty" of issuing injunctions to this Defendant to report to places on dates, time and place unilaterally chosen by by Plaintiff and his associates, as has occurred on  it seems to have occurred in relation to a supposed appearance set for November 20, 2014 before the

4

Honorable Magistrate Judge William Turnoff, to which Defendant was never invited by the Court.  Defendant will not allow Plaintiff to determine his movement or whereabouts at any given time, especially as a result of Plaintiff's act of perjury and other acts aiming at misleading the Courts by the blatant and deceiving maneuvering of Plaintiff's legal representatives who have long exceeded their duty to provide a zealous service to their client, and have become accomplices of and co-conspirators aiding and abetting their client in the perpetration of an act of perjury in a United District Court, the sole purpose of which is the political persecution of professionals providing ***pro bono*** services via a website established to inform and educate Haitians.

5. Allowing Plaintiff to interrogate Defendant on any matter at this time, ahead of the trial, is to permit Plaintiff to benefit from his crime of perjury in a United States District Court, and to have access under false pretenses to information about Defendant which he would normally have no right to request, let alone obtain, in the absence of the willful act of perjury he perpetrated, seemingly aided and abetted by two complicit lawyers were in a position to know the truth.  In addition, for Defendant to participate in any interrogatory or discovery for Plaintiff's benefit would amount to assisting Plaintiff in his quest to further deceive and mislead the Court for his own personal gain.  Defendant refuses to help Plaintiff carry out his crimes of lying to and misleading the Court, and perpetrating a perjury.  Plaintiff must wait for the outcome of the trial to perform a legitimate interrogatory.

6. Defendant should be allowed to interrogate Plaintiff in a discovery process, ahead of the trial, in order to develop an effective and meritorious defense against the lies, misleading statements and perjury of Plaintiff.

7. Since this case began, Defendant has been receiving death threats as well as multiple anonymous calls at home and on his cell phone.  As an American soldier, Defendant will not cut and run, nor allow judicial terrorists to change his way of life or prevent him from proving his innocence.

WHEREFORE, Defendant respectfully requests that it pleases this Honorable Court to deny Plaintiff any rights to subject Defendant to a very humiliating interrogatory and discovery to which Plaintiff has no rights without cause, under the false pretenses resulting from his crime of perjury, and in the absence of a conviction of Defendant for the offense alleged by Plaintiff, and to deny Plaintiff any such opportunity to benefit from his crime pending the completion of the trial ordered and scheduled by Your Honor.

Date:  November, 29th, 2014

Respectfully submitted,

Parnell Duverger
Defendant
p_duverger@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29th, 2014, I sent the foregoing for filing purposes to the Clerk of Court through the U.S. Postal Service.  I also certify that the foregoing is being served this day on all counsel of record and others identified in the attached Service List, also through the U.S. Postal Service.

Parnell Duverger
www.omegaworldnews.com

## SERVICE LIST

**Ralph Kenol**, Esq
RALPH KENOL & ASSOCIATES P.A.
2719 Hollywood Blvd., M-147
Hollywood, FL 33020

**Bertrand Madsen**, Esq (*pro hac vice*)
MADSEN LAW P.C.
111 Broadway, Trinity Building
13th Floor, Suite 1305
New York, NY 10006

**The Honorable Magistrate Judge William Turnoff**
United States District Court
Southern District of Florida



Parnell Dueser
6210 Wilo Rd, #303
Coral Springs, FL 33067

USMS
INSPECTED

U.S. POSTAGE
PAID
CORAL SPRINGS, FL
33065
NOV 29, 14
AMOUNT
$0.70
0010592016

1000        33128

UNITED STATES
POSTAL SERVICE.

Clerk of the Court
United States District Court
Southern District of Florida
400 North Miami Ave
Miami, FL 33128

Attn: Judge W. Turnoff